

## IN THE COURT OF APPEALS OF TENNESSEE
## AT JACKSON
February 14, 2017 Session

## STATE OF TENNESSEE EX REL. JAMES FREDERICK ROBERTS v. ELIZABETH DALE CRAFTON

### Appeal from the Juvenile Court for Shelby County
### No. W8928     Dan H. Michael, Judge

_____

### No. W2016-00550-COA-R3-JV
_____

The Notice of Appeal filed by James Frederick Roberts ("Father") states that Father is appealing from the February 1, 2016 order of the Juvenile Court for Shelby County ("the Juvenile Court"). The February 1, 2016 order, however, is not a final judgment, and the case remains pending in the Juvenile Court. As such, we lack jurisdiction to consider this appeal, and it is dismissed without prejudice.

### Tenn. R. App. P. 3 Appeal as of Right; Appeal Dismissed

D. MICHAEL SWINEY, C.J., delivered the opinion of the court, in which J. STEVEN STAFFORD, P.J., W.S., and KENNY W. ARMSTRONG, J., joined.

James Frederick Roberts, Memphis, Tennessee, pro se appellant.

Jason R. Ridenour, Memphis, Tennessee, for the appellee, Elizabeth Dale Crafton.

Herbert H. Slatery, III, Attorney General and Reporter; and M. Cameron Himes, Assistant Attorney General, for the appellee, State of Tennessee.

### MEMORANDUM OPINION[1]

_____

[1] Rule 10 of the Rules of the Court of Appeals provides: "This Court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value. When a case is decided by memorandum opinion it shall be designated 'MEMORANDUM OPINION,' shall not be published, and shall not be cited or relied on for any reason in any unrelated case."

Father appeals the February 1, 2016 order of the Juvenile Court, which reconfirmed the October 20, 2015 order of the Juvenile Court. The Juvenile Court ruled upon several motions in the October 20, 2015 order, but it did not rule upon Father's motion to modify child support. Father's motion to modify was continued. Father's motion to modify had not yet been heard at the time of entry of the February 1, 2016 order and, thus, the February 1, 2016 order was not a final appealable order.

A hearing was held on Father's motion to modify, and on April 29, 2016 the Magistrate entered its findings and recommendations. The State then filed a request for a hearing before the judge of the April 29, 2016 findings and recommendations of the Magistrate, as it had the right to do. The record reveals, and the parties confirmed during oral argument before this Court, that to date the Juvenile Court has not yet ruled upon the State's request for a rehearing of the April 29, 2016 findings and recommendations of the Magistrate. As such, the April 29, 2016 order is not a final judgment.[2]

"A final judgment is one that resolves all the issues in the case, 'leaving nothing else for the trial court to do.' " *In re Estate of Henderson*, 121 S.W.3d 643, 645 (Tenn. 2003) (quoting *State ex rel. McAllister v. Goode*, 968 S.W.2d 834, 840 (Tenn. Ct. App. 1997)). "[A]ny order that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties is not enforceable or appealable and is subject to revision at any time before entry of a final judgment adjudicating all the claims, rights, and liabilities of all parties." Tenn. R. App. P. 3(a). Our Supreme Court has explained: "Unless an appeal from an interlocutory order is provided by the rules or by statute, appellate courts have jurisdiction over final judgments only." *Bayberry Assocs. v. Jones*, 783 S.W.2d 553, 559 (Tenn. 1990)

As there is no final judgment, this Court lacks jurisdiction to consider this appeal. We, therefore, dismiss this appeal without prejudice to the filing of a new appeal once a final judgment has been entered. Costs on appeal are taxed one-half to the appellant, James Frederick Roberts; and one-half to the appellee, the State of Tennessee, for which execution may issue if necessary.

_____
D. MICHAEL SWINEY, CHIEF JUDGE

---

[2] No case may be held under advisement in excess of sixty days and no motion, or other decision of the trial judge that delays the date of trial or final disposition in the trial court, shall be held under advisement for more than thirty days, absent the most compelling of reasons. Tenn. Sup. Ct. R. 11, § III(c).